UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| TIMOTHY HOLT FINLEY, <br><br> Plaintiff, <br><br> V. <br><br> NANCY BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Civil No. 6:18-cv-00274-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Timothy Holt Finley seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied his claim for disability insurance benefits. Mr. Finley brings this action pursuant to 42 U.S.C. § 405(g), alleging various errors on the part of the ALJ considering the matter. The Court, having reviewed the record and for the reasons set forth herein, will **DENY** Mr. Finley's Motion for Summary Judgment and **GRANT** the Commissioner's.

**I**

**A**

Plaintiff Timothy Holt Finley initially filed an application for Title II disability insurance benefits on March 22, 2016, alleging disability beginning December 15, 2012. [Transcript (hereinafter, "Tr.") 10.] That claim was denied first on June 15, 2016, and denied again upon reconsideration on September 16, 2016. *Id*. At a hearing on September 6, 2017, Mr. Finley appeared and testified. *Id*. Administrative Law Judge (ALJ) Joyce Francis denied this request

on December 20, 2017.  *Id*. at 7.  The Appeals Council denied Mr. Finley's request for review, making the December 20 ALJ decision final.  *Id*. at 1; 20 C.F.R. § 422.210(a).

To evaluate a claim of disability for Title II disability insurance benefit claims, an ALJ conducts a five-step analysis.  *Compare* 20 C.F.R. § 404.1520 (disability insurance benefit claim) *with* 20 C.F.R. § 416.920 (claims for supplemental security income).[1]  First, if a claimant is performing a substantial gainful activity, he is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, he does not have a severe impairment and is not "disabled" as defined by the regulations.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled."  C.F.R. § 404.1530(d).  Before moving on to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assess an individual's ability to perform certain physical and metal work activities on a sustained basis despite any impairment experienced by the individual.  *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.

Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled."  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is "disabled."  20 C.F.R. § 404.1520(f).

---

[1] For purposes of a disability insurance benefits claim, a claimant must show that his impairments were disabling prior to the date on which his insured status expired.  20 C.F.R. § 404.131.  Beyond this requirement, the regulations an ALJ must follow when analyzing Title II and Title XVI claims are essentially identical.  Hereinafter, the Court provides primarily the citations to Part 404 of the relevant regulations, which pertain to disability insurance benefits.  Parallel regulations for supplemental security income determinations may be found in Subpart I of Part 416.

Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving his lack of residual functional capacity. *Id.*; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

At step one, the ALJ found Mr. Finley had not engaged in substantial gainful activity since the alleged onset date, December 15, 2012. Tr. at 13. At step two, the ALJ found Mr. Finley to suffer from the following severe impairments: degenerative disc and facet joint disease of the lumbar and cervical spine, peripheral neuropathy, and obesity. *Id.* At step three, the ALJ determined his combination of impairments did not meet or medically equal one of the listed impairments in C.F.R. Part 404 or Part 416. *Id.* at 15. Before moving on to step four, the ALJ considered the record and determined that Mr. Finley possessed the following residual functioning capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that [Mr. Finley] has the residual functional capacity to perform a reduced range of light work as defined in 20 CFR 404.1567(b). The claimant can frequently climb ramps and stairs; can frequently stoop, kneel, crouch, and crawl; can occasionally climb ladders, ropes, or scaffolds; can occasionally be exposed to extreme cold and vibration; and can occasionally be exposed to unprotected heights or dangerous moving machinery.

*Id.* at 16. After explaining the RFC, the ALJ found at step four that Mr. Finley was capable of performing past relevant work as a radio station operator, as well as other jobs existing in the national economy. *Id.* at 19–21. Accordingly, the ALJ determined at step five that Mr. Finley

was not disabled since December 15, 2012. *Id*. at 21. Mr. Finley filed this action for review on October 27, 2018. [R. 1.]

**B**

The Court's review is generally limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319–20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## II

Mr. Finley argued the ALJ erred and seeks relief from the unfavorable decision. Specifically, he argues (1) the ALJ erred in evaluating the medical opinion evidence, (2) the ALJ erred in considering his subjective complaints, and (3) the ALJ erred in assessing his RFC. [R. 8.] For the reasons set forth below, Mr. Finley's arguments do not warrant reversal of the ALJ's determination.

### A

First, Mr. Finley argues that the ALJ did not afford his treating physician's opinion sufficient weight. [R. 8 at 5–10.] Mr. Finley's primary care provider, Nerraj Mahboob, M.D., completed a medical source statement which conveyed that Mr. Finley's conditions caused extreme limitations in activity and would cause him to miss more than four days of work each month. [Tr. 18–19.] However, the ALJ gave this opinion little weight, as Dr. Mahboob's opined limitations were not consistent with the otherwise normal notations in Dr. Mahboob's notes. *Id*. at 19. Dr. Mahboob had noted tenderness in the spine, sometimes accompanied by decreased range of motion, but had noted otherwise that Mr. Finley's spinal, extremity, and overall physical examination were normal. *Id*. at 18. Furthermore, no notations were made concerning any symptoms or limitations caused by Mr. Finley's obesity. *Id*. In particular, the ALJ noted that Dr. Mahboob made "multiple significant findings during the examination performed on the same date he was given the assessment by the claimant to complete in late October 2016; however, examinations from the previous few visits including three within 30 days of that visit have no significant findings." *Id*. at 19. The ALJ instead placed great weight on the opinions of the State agency physical assessment, as that opinion was consistent with Mr. Finley's reports of pain and dysfunction. *Id*.

Generally, an ALJ must assign the opinion of a treating physician controlling weight if it is "well-supported by medically acceptable clinic and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2); *Turk v. Comm'n of Soc. Sec.*, 647 F. App'x 638, 640 (6th Cir. 2016). Here, Dr. Mahboob's opinion was inconsistent with his own records, as well as the other notes and opinions of other acceptable medical sources. Furthermore, opinions from state agency sources, which are well-supported by objective medical evidence and are otherwise consistent with the record, may be given additional weight. *See* 20 C.F.R §§ 404.1527(c)(3–4) & (e)(2)(i). The ALJ explained that she gave additional weight to the State agency physical assessment because it was consistent with Mr. Finley's own reports as well as other evidence in the record.

The Court cannot reweigh the evidence, though Mr. Finley clearly is requesting the Court to do so. Instead, because the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

**B**

Next, Mr. Finley argues the ALJ failed to properly consider his own subjective statements concerning his pain. [R. 8 at 11–12.] An ALJ's determination of a claimant's credibility is accorded great deference. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). This Court is limited to evaluating whether the ALJ's explanations for affording Mr. Finley's statements little weight are reasonable and supported by substantial evidence. *Jones*, 336 F.3d at 476.

6

Here, "After careful consideration of the evidence, [the ALJ] finds that the claimant's medically determinable impairments could reasonably be expected to produce the above alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 19. This is supported by the record. Though Mr. Finley complained of "increasing neuropathic pain, tingling, and weakness in his extremities along with neck and back pain," initial examinations demonstrated that his spinal and extremity functions were normal. *Id*. at 17. Further examinations showed no significant signs of radiculopathy or myelopathy or any neuropathy. *Id*. Furthermore, after only three visits between April 2013 and March 2014, Mr. Finley stopped treatment with his neurologist, and there are no significant treatment records for him between April 2014 and early 2015. *Id*. at 17–18. "In contrast to [Mr. Finley's] repeated reports of significant extremity symptoms and dysfunction, examinations from primary care visits from early 2015 through late 2016 consistently show no significant abnormalities, signs, or other observations indicative of physical dysfunction." *Id*. at 18. Contrary to Mr. Finley's assertions, his testimony and subjective statements are heavily contradicted by his medical records. The ALJ thoughtfully considered each of Mr. Finley's allegations and afforded them little weight when the statements were unsubstantiated by his past treatment.

## C

Finally, Mr. Finley asserts that the ALJ "erred in assessing [his] RFC." [R. 8 at 12–14.] Essentially, he contests that because the ALJ did not include specific language concerning his non-severe physical impairments, she must not have fully considered them. *Id*. The ALJ, did, however, fully consider that his non-severe physical impairments did not result in significant

7

work-related limitations. Tr. at 13. She also indicated that she "considered all symptoms" in assessing his limitations. *Id*. at 16. Furthermore, Mr. Finely did not provide an explanation how his non-severe impairments would cause any work-related limitations in his motion. Nor has he demonstrated harm from the ALJ's purported omission. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"). The Court thus finds that the ALJ's determination is supported by substantial evidence and her reasons for discrediting Mr. Finley's statements are reasonable.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff Timothy Holt Finley's Motion for Summary Judgment [**R. 8**] is **DENIED**, but the Commissioner's Motion for Summary Judgment [**R. 10**] is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

This the 29th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge